**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-5325-16T2

STATE OF NEW JERSEY,

        Plaintiff-Respondent,

v.

LAVARR NOWELL, a/k/a
LAVAR NOWELL, LAVARR
DAMON and LAVARR DAMONS,

        Defendant-Appellant.

_____

Submitted December 11, 2019 – Decided  December 18, 2019

Before Judges Haas and Mayer.

On appeal from the Superior Court of New Jersey, Law Division, Union County, Indictment No. 15-12-0774.

Joseph E. Krakora, Public Defender, attorney for appellant (John Andrew Albright, Designated Counsel, on the brief).

Lyndsay V. Ruotolo, Acting Union County Prosecutor, attorney for respondent (Milton Samuel Leibowitz, Special Deputy Attorney General/Acting Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

A Union County grand jury returned an indictment charging defendant Lavarr Nowell with first-degree murder, N.J.S.A. 2C:11-3(a)(1) and/or N.J.S.A. 2C:11-3(a)(2) (count one); second-degree possession of a handgun, N.J.S.A. 2C:39-5(b) (count two); and second-degree possession of a handgun for an unlawful purpose, N.J.S.A. 2C:39-4(a) (count four). The indictment charged co-defendant Julian Robinson with these same offenses in counts one, two, and four, and with third-degree unlawful possession of a shotgun, N.J.S.A. 2C:39-5(c), in count three.

Defendant and Robinson were tried together. Following a multi-day trial, the jury convicted defendant of both weapons offenses, but was unable to reach a verdict on the murder charge. The jury acquitted Robinson of all of the charges.

Pursuant to the parties' subsequent plea agreement, the State amended count one to first-degree aggravated manslaughter, N.J.S.A. 2C:11-4(a)(1), and defendant pled guilty to this charge[1] in return for the State's agreement to

---

[1] In his plea colloquy, defendant admitted intentionally shooting a handgun multiple times at the victim with reckless disregard for the victim's life and that the victim died as the result of his conduct.

A-5325-16T2

recommend that the judge sentence defendant to a twenty-year term for this offense.

At sentencing, the judge merged count four into count one and imposed a twenty-year term, subject to an eighty-five percent period of parole ineligibility, and five years of parole supervision pursuant to the No Early Release Act, N.J.S.A. 2C:43-7.2. The judge sentenced defendant to a seven-year concurrent term on count two, with forty-two months of parole ineligibility. Thus, defendant received a twenty-year aggregate term. This appeal followed.

On appeal, defendant raises the following contentions:

> POINT I
>
> JADE GREENE'S AND OMAR HOLMES' RECITATION OF [ROBINSON'S] CONFESSIONS WERE INADMISSIBLE AGAINST DEFENDANT UNDER N.J.R.E. 803(b)(1). CONSEQUENTLY, THE JUDGE SHOULD HAVE BARRED THE TESTIMONY OF GREEN AND HOLMES; THEIR TESTIMONY AS TO [ROBINSON'S] INCRIMINATING STATEMENTS COULD NOT BE USED AGAINST DEFENDANT BECAUSE DEFENDANT COULD NOT CROSS-EXAMINE [ROBINSON].
>
> POINT II
>
> THE TRIAL COURT'S FAILURE TO INSTRUCT THE JURY THAT JADE GREENE'S AND OMAR HOLMES' RECITATION OF [ROBINSON'S] CONFESSIONS COULD NOT BE USED AGAINST

3

DEFENDANT WAS PLAIN ERROR.  (Not Raised Below).

POINT III

THE TWENTY-YEAR SENTENCE IMPOSED WAS MANIFESTLY EXCESSIVE AND AN ABUSE OF THE [TRIAL] COURT'S DISCRETION.

After reviewing the record in light of these contentions, we affirm.

I.

The parties are fully familiar with the evidence presented at trial. Therefore, we need only recite the most salient facts related to the issues raised on appeal.

On December 3, 2013, two police officers responded to the scene of a reported shooting, and found the victim, Dawud Hicks, lying on the ground, and bleeding from his face, chest, and mouth.  The medical examiner testified that Hicks died from multiple gunshot wounds to his body and a shotgun wound to his face.  The police recovered shell casings near the body.

Two days later, a citizen found a handgun close to the scene.  The gun was hidden inside a pair of gloves that had been balled up like a pair of socks.  A ballistic expert testified that the shell casings found at the scene came from the gun.

A-5325-16T2

A forensic DNA expert analyzed the gun, the gloves, and a swab taken near the shell casings. The expert could not make any specific conclusions concerning the gun because it contained DNA from at least two individuals. However, the expert testified that the DNA recovered from one of the gloves matched defendant's DNA profile. The expert also determined that the swab contained saliva, which also matched defendant's DNA profile.

During the trial, the State presented the testimony of two witnesses concerning statements Robinson made to them about his involvement in the murder. Jade Greene, who was with the victim at the time of the shooting, testified that a few weeks before the incident, Robinson told her, "I'm going to get [Dawud Hicks] before he gets me." Another witness, Omar Holmes, testified he told a detective that "Robinson told [him] that he shot Dawud Hicks."

## II.

In Points I and II of his brief, defendant argues that the judge erred in permitting the State to introduce the two statements proffered by Greene and Holmes implicating Robinson, but not defendant, in the shooting. Defendant also asserts for the first time on appeal that the judge mistakenly failed to instruct the jury that it could not consider these statements against defendant. These contentions lack merit.

Contrary to defendant's assertions, neither of the statements constituted impermissible hearsay. The judge correctly concluded that because the statements were offered by the State against Robinson, an opposing party in this joint trial, and were made by Robinson in his individual capacity, they were admissible under the exception to the hearsay rule set forth in N.J.R.E. 803(b)(1).

Defendant next argues that even if the statements fell within this recognized hearsay exception, the introduction of this evidence violated the Confrontation Clause. We disagree.

It is fundamental that if a co-defendant does not testify at joint trial, those portions of the co-defendant's admissions that implicate a defendant are not admissible. Bruton v. United States, 391 U.S. 123, 132 (1968); State v. Weaver, 219 N.J. 131, 153 (2014). This is so because there is an unacceptably high risk of prejudice to a defendant "where the powerfully incriminating extrajudicial statements of a codefendant, who stands accused side-by-side with the defendant, are deliberately spread before the jury in a joint trial." Bruton, 391 U.S. at 135-36. Thus, if a co-defendant's incriminatory statement directly refers to the defendant, the statement is inadmissible under Bruton. Weaver, 219 N.J. at 154 (citing Gray v. Maryland, 523 U.S. 185, 196 (1998)).

However, our Supreme Court has recognized that a defendant's right to confrontation is not violated if the statement concerning the co-defendant is "not incriminating on its face" to the defendant. Id. at 153 (quoting Richardson v. Marsh, 481 U.S. 200, 208 (1987)). That was the case here. Greene testified that Robinson told her, "I'm going to get [Dawud Hicks] before he gets me," and Holmes acknowledged making a statement to detectives that "[Robinson] told [him] that he shot Dawud Hicks." Neither witness mentioned defendant in recounting these statements and, indeed, the judge made sure there were no references to defendant by conducting hearings to ascertain the nature of the testimony the State planned to elicit from the witnesses before they testified to the jury.

Thus, the judge properly admitted the two statements under Weaver. Because the statements did not relate at all to defendant, the judge also did not err by failing to sua sponte instruct the jurors that they should not consider this testimony against defendant. As noted, defendant did not object to the jury charge. It is well established that "[i]f the defendant does not object to the charge at the time it is given, there is a presumption that the charge was not error and was unlikely to prejudice the defendant's case." State v. Singleton, 211 N.J.

157, 182 (2012). Because the testimony did not implicate defendant in any way, there was no need for the judge to instruct the jury on that fact.

However, even if the judge should have given a special instruction as defendant now belatedly insists, there would be no basis for reversing defendant's convictions on the two weapons offenses.[2] It has been long recognized that a <u>Bruton</u> violation can be harmless if there is overwhelming evidence of guilt. <u>See</u> <u>Schneble v. Florida</u>, 405 U.S. 427, 430 (1972) (observing that "[t]he mere finding of a violation of the <u>Bruton</u> rule . . . does not automatically require reversal of the ensuing criminal conviction," where "the properly admitted evidence of guilt is so overwhelming, and the prejudicial effect of the codefendant's admission is so insignificant by comparison.").

Here, the DNA evidence from the gloves and saliva found at the scene clearly tied defendant to the handgun used to kill the victim. Thus, even without the testimony concerning Robinson's participation in the offense, there was ample evidence in the record for the jury to convict defendant of the weapons offenses. Therefore, we affirm defendant's convictions.

---

[2] The jury only found defendant guilty of the weapons charges. It failed to reach a verdict on the murder charge. Therefore, defendant had the right to a new trial concerning that offense. However, he waived this right by admitting his guilt in return for the State's recommendation to seek a twenty-year term of imprisonment.

## III.

In Point III of his brief, defendant asserts that his sentence was excessive. We disagree.

Trial judges have broad sentencing discretion as long as the sentence is based on competent credible evidence and fits within the statutory framework. State v. Dalziel, 182 N.J. 494, 500 (2005). Judges must identify and consider "any relevant aggravating and mitigating factors" that "are called to the court's attention" and "explain how they arrived at a particular sentence." State v. Case, 220 N.J. 49, 64-65 (2014) (quoting State v. Blackmon, 202 N.J. 283, 297 (2010)). "Appellate review of sentencing is deferential," and we therefore avoid substituting our judgment for the judgment of the trial court. Id. at 65; State v. O'Donnell, 117 N.J. 210, 215 (1989); State v. Roth, 95 N.J. 334, 365 (1984).

We are satisfied the judge made findings of fact concerning aggravating and mitigating factors that were based on competent and reasonably credible evidence in the record, and applied the correct sentencing guidelines enunciated in the Code. Accordingly, we discern no basis to second-guess the sentence.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-5325-16T2